UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60476-SMITH/VALLE

RICHARD ALAN MORRIS,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of the Social
Security Administration,

    Defendant.
_____/

### REPORT AND RECOMMENDATIN ON PLAINTIFF'S
### UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS

THIS MATTER is before the Court on Plaintiff Richard Alan Morris' Unopposed Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (the "Motion"), which has been referred to the undersigned by U.S. District Judge Rodney Smith.  (ECF Nos. 2, 4, 19).

On December 30, 2020, the Court granted Defendant's Unopposed Motion for Remand under Sentence Four of 42 U.S.C. §405(g).  *See* (ECF Nos 16, 17).  Plaintiff now seeks an award of his attorney's fees and costs incurred in this case under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412.  *See generally* (ECF Nos. 19, 19-2).  Defendant does not oppose Plaintiff's Motion.  (ECF No. 19 at 1).

Under EAJA, a court generally must award reasonable attorney's fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust."  *See* 28 U.S.C. §

2412(d)(1)(A).  The court may also award litigation costs, as listed in 28 U.S.C. § 1920.  *See* 28 U.S.C. § 2412(a)(1).

Plaintiff asserts (and Defendant does not dispute) that he is the prevailing party, and that Defendant's position was not substantially justified in that "Defendant conceded that his final decision in this matter could not be defended and remand was required for further administrative proceedings, including a new hearing and decision."  *See* (ECF No. 19-2 at 2).  Thus, the only remaining issue is whether Plaintiff's requested attorney's fees and costs are reasonable.

Plaintiff seeks an award of $7,192.50 in attorney's fees and $400 in filing costs.  (ECF Nos. 19-1 at 1, 19-4 at 3-4).  The attorney's fees result from 37.4 hours of work performed by two attorneys between January and December 2020, with the bulk of the work being performed starting in late October 2020.  *See* (ECF Nos. 19-4 at 3, 19-5).  Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living.  *See* 28 U.S.C. § 2412(d)(2)(A)(ii).  Plaintiff asserts (and Defendant does not dispute) that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to $205.50 per hour, effective October 2020.  *See* (ECF No. 19-4 at 2); *see also* U.S. Bureau of Lab. Stats., CPI for All Urban Consumers (CPI-U), Area: South, https://data.bls.gov/timeseries/CUUR0300SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true.

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, *see generally* (ECF No. 19-5), the undersigned finds that Plaintiff's request for attorney's fees and costs is reasonable.  *See, e.g.*, *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL

256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

## RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Fees and Costs under the EAJA (ECF No. 19) be **GRANTED**. Plaintiff should be awarded a total of **$7,192.50** in fees and **$400** in filing costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on March 25, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Rodney Smith
Counsel of Record